```
                IN THE UNITED STATES DISTRICT COURT
              FOR THE WESTERN DISTRICT OF TENNESSEE
                         WESTERN DIVISION
```

|                              |   |                |
|------------------------------|---|----------------|
| AUBURN CALLOWAY,             | ◊ |                |
| vs.                          | ◊ | No. 03-2841-B  |
| UNITED STATES OF AMERICA,    | ◊ |                |

```
              ORDER DENYING RULE 60(b) MOTION
         ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
                              AND
              ORDER ASSESSING APPELLATE FILING FEE
```

On August 18, 2003, the Court became aware that a motion pursuant to Fed. R. Crim. P. 41(e) seeking the return of certain unspecified personal property remained pending in Calloway's closed criminal case.[1] Because Calloway's criminal case was closed and criminal proceedings against him were completed, the Court entered an order advising Calloway that the motion was civil in nature, was sufficient to invoke the Court's general equity jurisdiction, and could be filed as a civil complaint seeking equitable relief. Rather than immediately docketing the motion as a civil case, the Court considered the following factors: (1) the motion had originally been filed by counsel, (2) the length of time the motion had been pending, (3) the apparent absence of inquiry by Calloway as to the status of the motion, and (4) the fact Calloway would incur a civil filing fee if he wished to pursue the matter. In light of those considerations, on August 18, 2003, the Court issued an order directing Calloway, in

---

[1] At the time the motion was filed, the case was on direct appeal.

the event he still wished to pursue the matter, to submit the civil filing fee or file an in forma pauperis affidavit within thirty days. On September 29, 2003, the Court issued a second order directing the Clerk to mail the August 18, 2003 order to Calloway's correct address[2] and extending the time to respond to that order by thirty days.

On October 27, 2003, the Clerk received Calloway's response, which took the form of a personal letter to this judge stating that "[he] remain[ed] interested in recovering [his] property from the government, where it is being held without authority of law." He requested that his motion be held in abeyance pending a ruling by the Sixth Circuit on an unrelated mandamus petition and enclosed a copy of an in forma pauperis affidavit which did not comply with the order entered April 18, 2003, or with the PLRA, since it provided no financial information whatsoever but, instead, asserted only that the PLRA is inapplicable to mandamus petitions.

On November 10, 2003, the Court denied the motion for stay, noting Calloway's motion seeking return of his personal property was separate and distinct from his challenge to his criminal conviction and would proceed if Calloway chose to pursue it, independent of whether or not his criminal case was reopened. The Court further directed the Clerk to docket the motion for return of property as a new civil case in light of the defendant's unequivocal representation that he desired to pursue the return of property matter. The Court

---

[2] Calloway's copy of the order was, for reasons that are not clear, mailed to the United States Penitentiary in Lewisburg, Pennsylvania, was returned by the post office.

2

ordered Calloway to submit either a properly completed in forma pauperis affidavit and trust fund account statement, certified no earlier than thirty days preceding the filing of the complaint, or the full $150 civil filing fee within thirty (30) days after the entry of the order.[3]  Calloway was further advised that if he needed additional time to file the required documents, he could request one thirty-day extension of time from this Court.  McGore, 114 F.3d at 605.  The order stated:

> If Calloway fails to file the required documentation, the Court will assess the entire filing fee, without regard to the installment payment procedures, and will dismiss the action, pursuant to Fed. R. Civ. P. 41(b), for failure to prosecute.  McGore, 114 F.3d at 605.  Upon dismissal under these circumstances, the case will not be reinstated despite the subsequent payment of the full filing fee and regardless of any request for pauper status.

Rather than submit the required documents which would allow him to take advantage of the installment procedure, Calloway wrote a letter to Chief Judge James Todd, attempting to appeal the order entered November 10, 2003, and renewing the motion for a stay of proceedings.  Judge Todd directed the Clerk to file the letter in this case as a motion for stay.  Judge Todd's order and Calloway's letter were docketed on December 16, 2003.  On August 10, 2004, the Court denied the renewed motion for stay.

---

[3]     Under the Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915(a)-(b), all prisoners bringing a civil action must pay the full filing fee of $150 required by 28 U.S.C. § 1914(a).  The statute merely provides the prisoner the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments.  See McGore v. Wrigglesworth, 114 F.3d 601, 604 (6th Cir. 1997) ("[w]hen an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceeding or over a period of time under an installment plan.  Prisoners are no longer entitled to a waiver of fees and costs.").

The order entered August 10, 2004, also referenced Calloway's letter of December 26, 2003, addressed to the undersigned judge, which requested his previous letter to Judge Todd be construed as a notice of appeal unless the Court "decide[d] to suspend or stay [the Court's] orders as requested in the context of the points made in the letter to Judge Todd."  The letter to Judge Todd failed to comply with Fed. R. App. P. 3(c)(1) which states:

> The notice of appeal must:
>
> (A) specify the party or parties taking the appeal by naming each one in the caption or body of the notice . . .
> (B) designate the judgment, order, or part thereof being appealed; and
> (C) name the court to which the appeal is taken.

Thus, the Court denied that the irregular motion requesting that the letter dated December 3, 2003, be construed as a notice of appeal.

Furthermore, because Calloway failed to pay the $150 filing fee or submit a properly completed in forma pauperis affidavit and trust fund account statement or file a motion for extension of time to comply within thirty days of the entry of the Court's order of November 10, 2003, the Court assessed the full filing fee of $150 and dismissed the action without prejudice, pursuant to Fed. R. Civ. P. 41(b), for failure to prosecute.[4]  Calloway did not appeal the order entered August 10, 2004.  Judgment was entered on September 1, 2004.

On August 29, 2005, Calloway filed a motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b)(1), (3), (4), and (5).

---

[4] The order also held that any notice of appeal submitted by Calloway must comply with the Federal Rules of Civil Procedure and that further ex parte letters addressed to judges of this district court will not be filed but will be returned to Calloway for failure to comply with the Federal Rules of Civil and Appellate Procedure.

4

The inmate's argument pursuant to Rule 60(b)(1) consists of his assertion that "he was unfairly surprised by the court's myopic focus on one sentence in his personal letter to the judge," construing "an isolated statement ... as an 'unequivocal representation that he desires to pursue the return of property matter.'" (Calloway's motion for relief, pp. 4, 6)

Calloway's contention that the Court improperly applied the law or committed legal error in construing and filing his ex parte letters was known to him prior to the entry of judgment in this case. A Rule 60(b)(1) motion based on legal error must be brought within the normal time for taking an appeal. See Pierce v. United Mine Workers of Am. Welfare and Retirement Funds of 1950 and 1974, 770 F.2d 449, 451 (6th Cir. 1985)(citing Barrier v. Beaver, 712 F.2d 231, 234 (6th Cir. 1983). Under Fed. R. App. 4(a), Calloway had thirty days from the entry of the order dismissing his action for failure to prosecute to file a notice of appeal or his Rule 60(b)(1) motion. Accordingly, Calloway's Rule 60(b)(1) motion is time-barred as it was filed well over the thirty day limitation period.

Plaintiff presents no evidence of "misconduct" by the Government in support of his Rule 60(b)(3) argument. He reasserts arguments raised unsuccessfully on direct appeal of his criminal conviction which present no basis for relief in this forum. See United States v. Calloway, 116 F.3d 1129, 1133 (6th Cir. 1997).

His allegation that the judgment is void due to lack of "personal jurisdiction" is specious where the property was confiscated in this jurisdiction and used to support his underlying

5

criminal conviction.  Calloway corresponded with the judges of this district court without raising this argument at any time prior to filing this Rule 60(b) motion.  Likewise, plaintiff's argument that the turnover of United States Attorneys for the Western District of Tennessee are significant changes which render it "inequitable for the judgment to have prospective application" is nonsensical. Furthermore, claims under Rule 60(b)(4) and (5) must be made within a reasonable time.  The determination of reasonable time "ordinarily depends on the facts of a given case including the length and circumstances of the delay, and the circumstances compelling equitable relief."  Olle v. Henry & Wright Corp., 910 F.2d 357, 365 (6th Cir. 1990).  Calloway has no explanation for the year's delay in presenting these grounds which, in any event, present no basis for relief.  Accordingly, the motion for relief from judgment is DENIED in its entirety.

Should plaintiff seek to appeal the denial of this motion in forma pauperis, 28 U.S.C. § 1915(a)(3) provides that an appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.  The good faith standard is an objective one.  Coppedge v. United States, 369 U.S. 438, 445 (1962).  The same considerations that lead the Court to deny this motion also compel the conclusion that an appeal would not be taken in good faith.

It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter is not taken in good faith and plaintiff may not proceed on appeal in forma pauperis.

The final matter to be addressed is the assessment of a filing fee if plaintiff appeals the denial of this motion. The United States Court of Appeals for the Sixth Circuit has held that a certification that an appeal is not taken in good faith does not affect an indigent prisoner plaintiff's ability to take advantage of the installment procedures contained in § 1915(b). <u>McGore v. Wrigglesworth</u>, 114 F.3d 601, 610-11 (6th Cir. 1997). <u>McGore</u> sets out specific procedures for implementing the PLRA. Therefore, the plaintiff is instructed that if he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in <u>McGore</u> and § 1915(b).

IT IS SO ORDERED this 14th day of March, 2006.

<u>s/ J. DANIEL BREEN</u>
UNITED STATES DISTRICT JUDGE